```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

MARTHA ELIZABETH JUSTICE,         )
                                  )   Civil Action No. 5:08-148-JMH
      Plaintiff,                  )
                                  )
V.                                )
                                  )
C. ATCHISON; D SALYER;            )   **MEMORANDUM OPINION AND ORDER**
ANTHANY BEATTY; JIM NEWBERRY;     )
LEXINGTON-FAYETTE URBAN           )
COUNTY GOVERNMENT; AND            )
LEXINGTON DIVISION OF POLICE,     )
                                  )
      Defendants.                 )
                                  )

                     **   **   **   **   **

This matter is before the Court on Defendants' Motion for Summary Judgment [Record No. 23]. Plaintiff filed a Response [Record No. 26] and Defendants filed a Reply [Record No. 27]. This matter is now ripe for decision. For the following reasons, the Motion for Summary Judgment will be granted in part and denied in part.

**I. BACKGROUND**

The incident leading to this litigation occurred in the evening of March 20, 2007 and early morning hours of March 21, 2007. Defendants Lexington-Fayette Urban County Police Officers Clayton Atchison and Darin Salyer were dispatched to the Knights Inn off of Winchester Road in Lexington, Kentucky to respond to a third-party complaint of a disturbance between a male and female. Upon arriving, the Officers heard yelling and located the source of the noise, Room 326, the room that Plaintiff Martha Elizabeth

Justice and her then-boyfriend (now husband) Brian Vliegenthart were occupying for the evening. The Officers looked through the window and saw Plaintiff screaming and crying inside. The Officers recalled that they knocked and gained admittance when Mr. Vliegenthart opened the door. [Defendant's Motion for Summary Judgment, Ex. E, p. 10]. Mr. Vliegenthart stated in his deposition that the door was not completely shut and the Officers just walked into the motel room.[Defendant's Motion for Summary Judgment, Ex. B, pp. 12-13] When the Officers entered the room, they observed that Plaintiff was upset, agitated, and intoxicated.

The Officers separated the couple and determined that although the altercation had been verbal but not physical, it would be best if Mr. Vliegenthart left for the evening. Both Plaintiff and Mr. Vliegenthart agreed to this solution. However, when the Officers informed Plaintiff that Mr. Vliegenthart would be returning to the motel room to collect his belongings and call his brother to come pick him up, Plaintiff became enraged. She jumped up and charged towards Mr. Vliegenthart. Officer Salyer blocked her path, causing Plaintiff to fall back onto the motel room bed. Plaintiff bounced back up off of the bed and immediately struck Officer Salyer in the chest with her fist. Officer Salyer grabbed her right arm and began to handcuff it as Plaintiff fell back onto the bed, face down. Plaintiff resisted arrest and stuck her left arm under her body, between her torso and the mattress. Officer Atchison stepped

forward and used both of his hands to pull Plaintiff's left arm out from underneath her body. As he did, both Officers heard a "pop" and realized that Plaintiff was injured. Plaintiff's right arm was uncuffed and at some point, Plaintiff was taken by ambulance to the emergency room for treatment of a broken left arm.

Plaintiff suffered a comminuted fracture of her left distal humerus. Plaintiff's arm was placed in a cast at the emergency room. Several weeks later, Plaintiff underwent an open reduction internal fixation surgery to repair her arm, which included having plates and screws inserted into her arm. Plaintiff claims that her Fourth and Fourteenth Amendment Rights were violated, and she brings suit under 42 U.S.C. § 1983. She also brings state law tort claims, including assault, battery, and gross negligence.

There is little dispute over the facts as relayed herein. The Officers have defended on the grounds of qualified immunity, stating that their actions were reasonable under the circumstances.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no issue as to any material fact, and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "cannot rest on [her] pleadings," and must show the Court that "there is a

genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In considering a motion for summary judgment, the Court must construe the facts in the light most favorable to the nonmoving party. *Id.* at 255.

**III. DISCUSSION**

**(A) Claims against Lexington-Fayette Urban County Government and all Defendants in their official capacities.**

The Plaintiff states in her Response to the Motion for Summary Judgment that she does not contest granting Summary Judgment in favor of Lexington-Fayette Urban County Government ("LFUCG") and all of the Defendants in their official capacities.

The Court considers the claims against the Defendants in their official capacities as claims against the named entity, LFUCG. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000). Therefore, summary judgment on all of the claims against all Defendants in their official capacities will be granted as duplicative of the claims against LFUCG.

LFUCG can be held liable for the alleged violation of

4

Plaintiff's constitutional rights if Plaintiff can show that the alleged violations occurred as a result of LFUCG policy or custom, but not under a respondeat superior theory of liability. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Plaintiff has not come forth with any evidence to show that a policy or custom of LFUCG was responsible for the allege violation of her constitutional rights. Likewise, Plaintiff has not alleged that LFUCG failed to properly train its police officers. Summary judgment for LFUCG will be granted on all claims against it.

**(B) Claims against Defendants Newberry and Beatty in their individual capacities; assault claim against Officers Atchison and Salyer; battery claim against Officer Salyer; gross negligence claim against Officers Atchison and Salyer.**

Plaintiff named Mayor Jim Newberry (Newberry) and then-Chief of Police, Anthany Beatty (Beatty), as Defendants in their individual capacities. Plaintiff also brought assault claims against both officers, a battery claim against Officer Salyer, and a gross negligence claim against both officers. In her Response to the Motion for Summary Judgment [Record No. 26], Plaintiff did not explicitly concede to granting summary judgment on these claims, but she did not address Defendants' arguments in favor of summary judgment as to any of these claims. When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that

5

the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion. *Humphrey v. U.S. Attorney General's Office,* 279 Fed.Appx. 328, 331, 2008 WL 2080512, 3 (6th Cir. 2008); *See Resnick v. Patton,* 258 Fed.Appx. 789, 790-91, n. 1 (6th Cir. 2007); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision). Plaintiff offers no opposition to Defendants' claims that Newberry and Beatty are entitled to qualified immunity for the claims against them in their individual capacities, or to Defendants' claim that there are no genuine issues of material fact as to the assault and gross negligence claims against both officers and the battery claim against Officer Salyer. In fact, Plaintiff concludes her Response with the request that the Court allow "her § 1983 claims against the officers and her state law battery claim against Officer Atchison proceed to trial." [Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 7]. The Court can only assume that this statement means that Plaintiff concedes on all issues except the § 1983 claims against the officers and the battery claim against Officer Atchison, that Plaintiff agrees that Newberry and Beatty are entitled to qualified immunity and that there are no genuine issues of material fact with respect to the assault and gross negligence claims and battery claim against Officer Salyer. Furthermore, Defendants' arguments in favor of summary judgment on these issues are well-taken by the Court.

Therefore, summary judgment will be granted with respect to all claims against Defendants Newberry and Beatty in their individual capacities; the assault claims against Officers Atchison and Salyer; the battery claim against Officer Salyer; and the gross negligence claim against Officers Atchison and Salyer.

**(C) Section 1983 claims against Officers Atchison and Salyer in their individual capacities.**

Officers Atchison and Salyer contend that the Motion for Summary Judgment should be granted for the § 1983 claims against them because they have qualified immunity from suit. The Court disagrees and summary judgment on the § 1983 claims against the officers will be denied.

Qualified immunity shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Humphrey v. Marbry*, 482 F.3d 840, 846 (6th Cir. 2007). The Supreme Court set forth a two-prong analysis for determining whether qualified immunity applies in a particular case. First, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . [T]he next, sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court

7

modified the holding in *Saucier*, ruling that it is appropriate for the district court to "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

Addressing the second prong of the Saucier analysis, the Sixth Circuit has said that "[t]he Fourth Amendment prohibits unduly tight or excessively forceful handcuffing during the course of a seizure. *See Kostrzewa*, 247 F.3d at 639. This right [is] 'clearly established' for qualified immunity purposes . . . . *See id.* at 641." *Morrison v. Board of Trustees of Green Tp.*, 2009 WL 3211946, *5 (6th Cir. Oct. 8, 2009) (*citing Kostrzewa v. City of Troy*, 247 F.3d 633, 639, 641 (6th Cir. 2001)). The right to be free from an unreasonable use of force during an arrest is a clearly established right, and satisfies the second prong of the *Saucier* analysis. *Id*.

The first prong of the *Saucier* analysis asks "whether the facts alleged show the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201. The Court must determine whether Officers Atchison and Salyer's actions during the arrest of Plaintiff were objectively unreasonable, violating her constitutional rights. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

> The Supreme Court has held that excessive force claims are best analyzed under the Fourth Amendment's protection against unreasonable seizures. In determining whether excessive force was used, courts must ask whether the officer's actions, in light of the totality of the circumstances, were objectively reasonable.

*Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001). (citations omitted) (*citing Graham v. Connor*, 490 U.S. 386, 394 (1989).

In *Graham*, the Supreme Court noted the importance of the specific circumstances of each case, such as the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" in determining whether the officer's actions were objectively reasonable. *Graham* at 490 U.S. 396. This "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene . . . ." *Id*.

In this case, these factors do not weigh in favor of granting qualified immunity to the Officers and dismissing the case at the summary judgment stage. No crime had occurred when the Officers arrived at Plaintiff's motel room. Officer Salyer began handcuffing Plaintiff after she struck him in the chest with her fist. Plaintiff later pleaded guilty to the misdemeanor of harassment under KRS § 525.070 for striking the officer, which is a relatively minor crime.

Once Plaintiff was face down on the bed with her right arm handcuffed (and in the control of Officer Salyer), and her left arm underneath her body, Officer Atchison intervened because he was worried that Plaintiff might be reaching for a weapon. Officer

Atchison stepped forward and used both of his hands to pull on Plaintiff's left arm with such force that her arm was severely broken and required surgery. According to the Complaint, at the time Officer Atchison broke Plaintiff's arm, Plaintiff was approximately 5 feet 4 inches tall, weighed 135 pounds, was lying face down on a bed with her right arm handcuffed and in the control of Officer Salyer, while Officer Atchison used both of his hands to pull on her left arm with enough force to break it.

Plaintiff has alleged facts sufficient in her Complaint to indicate that Officers Salyer and Atchison may have acted unreasonably in their use of force against her. It is not clear that a reasonable officer in the defendants' situation would not have known that the conduct Plaintiff alleges violated Plaintiff's clearly established right to be free from excessive force. Accordingly, the Court will deny Defendant's Motion for Summary Judgment as to Officers Atchison and Salyer on the basis of qualified immunity.

### (D) Battery claim against Officer Atchison

Plaintiff's Complaint raises a genuine issue of material fact as to whether Officer Atchison battered Plaintiff by using "more force than was necessary" during her arrest. *City of Lexington v. Gray*, 499 S.W.2d 72, 73 (Ky. 1973); *accord Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. App. 2007); *see Lawson v. Burnett*, 471 S.W.2d 726, 729 (Ky. 1971). The Motion for Summary

10

Judgment as to the claim of battery against Officer Atchison will be denied.

**IV. CONCLUSION**

As explicated above, the claims that remain after partially granting Defendants' Motion for Summary Judgment are the 42 U.S.C. § 1983 claims against Officers Atchison and Salyer and the state law battery claim against Officer Salyer.

Accordingly, **IT IS ORDERED** that:

(1) The Defendants' Motion for Summary Judgment [Record No. 23] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART** as follows:

(2) The Defendants' Motion for Summary Judgment be, and the same hereby is, **GRANTED** with respect to:

    (2a) all claims against the Lexington-Fayette Urban County Government;

    (2b) all claims against Defendant Jim Newberry;

    (2c) all claims against Defendant Anthany Beatty;

    (2d) all claims against Officer Clayton Atchison in his official capacity;

    (2e) all claims against Officer Darin Salyer in his official capacity;

    (2f) the assault claim against Officer Clayton Atchison;

    (2g) the assault claim against Officer Darin Salyer;

    (2h) the battery claim against Officer Darin Salyer;

  (2i) the gross negligence claim against Officer Clayton Atchison; and

  (2j) the gross negligence claim against Officer Darin Salyer;

(3) The Defendants' Motion for Summary Judgment be, and the same hereby is, **DENIED** with respect to:

  (3a) all remaining claims brought under 42 U.S.C. § 1983 against Officer Clayton Atchison;

  (3b) all remaining claims brought under 42 U.S.C. § 1983 against Officer Darin Salyer; and

  (3b) the state law battery claim brought against Officer Clayton Atchison.

This the 20th day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge